UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MARVIN R. WENNEKAMP,

Plaintiff,

v.

CARRINGTON MORTGAGE SERVICES, LLC, et al.,

Defendants.

No. 1:18-cv-01374-DAD-SAB

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

(Doc. No. 10)

This matter is before the court on a motion to dismiss plaintiff's first amended complaint ("FAC") filed on behalf of defendants Carrington Mortgage Services, LLC, Bank of America, N.A. ("BANA"), and Wilmington Savings Fund Society, FSB as trustee of Stanwich Mortgage Loan Trust A ("Wilmington") (collectively, the "defendants"). (Doc. No. 10.) A hearing on the motion was held on January 8, 2019. Attorney Charles Marshall appeared telephonically on behalf of plaintiff, and attorney Jonathan Fink appeared telephonically on behalf of defendants. The court has considered the parties' briefs and oral arguments, and for the reasons set forth below, will grant defendants' motion to dismiss without further leave to amend.

**BACKGROUND**

Plaintiff filed his original complaint in this court on October 4, 2018 and amended it on November 20, 2018 in response to a motion to dismiss brought by defendants. (Doc. Nos. 1, 5,

8.) The gravamen of the FAC is that plaintiff rescinded his home loan pursuant to the Truth in Lending Act ("TILA") and that defendants have not honored that rescission. (*See* Doc. No. 8 ("FAC").) The factual history as alleged in plaintiff's FAC is difficult to decipher. However, when viewed in light of the documents that defendants ask this court to take judicial notice of[1], the FAC presents the following factual history.

On May 6, 2008, plaintiff executed a promissory note and a corresponding deed of trust in favor of CTX Mortgage Company, LLC ("CTX"), securing a debt of $324,901.00 used to finance real property located at 20120 Panoz Road, Patterson, CA 95363 (FAC at ¶¶ 11, 13, 14; *see also* Doc. No. 11-1 at 1.) The deed of trust was recorded in the Stanislaus County Recorder's Office on July 14, 2008. (FAC at ¶ 13.) After the loan was recorded, several substitutions of trustee and assignments of deed were recorded in the Stanislaus County Recorder's Office. On February 17, 2010, a substitution of trustee and assignment of deed of trust was recorded, substituting Reconstruct Company, N.A., as the trustee and assigning the deed of trust to BAC Home Loans Servicing. (*See* Doc. No. 11-1 at 12.) On April 11, 2014, a substitution of trustee was recorded, substituting MTC Financial, Inc. as trustee under the deed of trust. (*See id.* at 14.) On January 6, 2017, an assignment of deed of trust was recorded, assigning the deed of trust to the Secretary of Housing and Urban Development. (*See id.* at 17.) On June 20, 2017, an assignment of deed of trust was recorded, assigning the deed of trust to defendant Wilmington. (*See id.* at 19.) On March 21, 2018, a substitution of trustee was recorded, substituting Clear Recon Corporation as trustee under the deed of trust. (*See id.* at 21.)

On April 12, 2018, after plaintiff owed at least $278,659.26 in arrears on the loan, a notice of default and election to sell under the deed of trust was recorded. (*See* Doc. No. 11-1 at 23.) On September 5, 2018, after plaintiff failed to cure the arrearage on the loan, a notice of trustee's sale was recorded against the property. (*See id.* at 28.) As of the date the pending motion to dismiss was filed, the foreclosure sale had not yet occurred. (Doc. No. 10 at 9.)

/////

---

[1] As explained below, the court will grant defendants' request for judicial notice.

2

Plaintiff contends that the loan in question was never consummated. Plaintiff alleges that he "was not provided accurate material disclosures or two copies of Notices of Right to Cancel in a form he could take home from the closing." (FAC at ¶ 16.) Plaintiff further alleges that the parties to the loan were misrepresented and the source of the funds was an entity other than the designated lender, CTX. (*Id.* at ¶¶ 17–18, 20.) Plaintiff alleges that at some point during the relevant period, he requested information about who the "investor" on his loan was and that, on or about April 24, 2014, defendant BANA acknowledged plaintiff's request for information. (*Id.* at ¶ 22.) On June 12, 2014, defendant BANA represented in a writing to plaintiff that it was the servicer of the subject loan. (*Id.*)

On November 20, 2015, plaintiff sent a letter to defendant BANA stating that he "rescinded the above-referenced loan and financial instruments, pursuant to the provisions of the Truth in Lending Act." (*Id.* at ¶ 25; Doc. No. 18-1 at 2.) Plaintiff alleges that "[f]rom November 20, 2015 to the present, there was no deed of trust or security instrument on the real Property" because he rescinded his loan. (FAC at ¶ 29.) Plaintiff further alleges that a mortgage loan audit, attached to the FAC as Exhibit 2, indicates that the subject loan's chain of title is "irretrievably broken" and that, therefore, the loan was never consummated. (*Id.* at ¶ 30.)

Plaintiff asserts a single claim in the FAC, seeking enforcement of rescission pursuant to TILA, 15 U.S.C. § 1635. (*Id.* at 9–19.)

**LEGAL STANDARD**

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the legal sufficiency of the complaint. *N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983). "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). A plaintiff is required to allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In determining whether a complaint states a claim on which relief may be granted, the court accepts as true the allegations in the complaint and construes the allegations in the light most favorable to the plaintiff. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *Love v. United States*, 915 F.2d 1242, 1245 (9th Cir. 1989). However, the court need not assume the truth of legal conclusions cast in the form of factual allegations. *United States ex rel. Chunie v. Ringrose*, 788 F.2d 638, 643 n.2 (9th Cir. 1986). While Rule 8(a) does not require detailed factual allegations, "it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 676 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Moreover, it is inappropriate to assume that the plaintiff "can prove facts which it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged." *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).

## ANALYSIS

**A.     Defendants' Request for Judicial Notice**

Defendants request that the court take judicial notice of a total of fourteen documents. First, defendants request that this court judicially notice eight documents, each of which relates to the loan at issue and was recorded in the Stanislaus County Recorder's Office. Second, defendants request that this court judicially notice an additional six documents, each of which relates to one of two of plaintiff's bankruptcy proceedings in the Eastern District of California.

Ordinarily, the court considers only the complaint and attached documents in deciding a motion to dismiss; however, the court may also take judicial notice of matters of public record. *Lee v. City of Los Angeles*, 250 F.3d 668, 688–89 (9th Cir. 2001). Pursuant to the Federal Rule of Evidence 201(b), a court may "judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Moreover, "publicly-recorded real estate instruments and notices, including deeds

of trust and default and foreclosure notices, are the proper subject of judicial notice, unless their authenticity is subject to reasonable dispute." *Mohanna v. Bank of Am., N.A.*, No. 16-CV-01033-HSG, 2016 WL 1729996, at *1 (N.D. Cal. May 2, 2016) (citing *Disabled Rights Action Comm. v. Las Vegas Events, Inc.*, 375 F.3d 861, 866 n.1 (9th Cir. 2004)).

Plaintiff does not meaningfully oppose defendants' request for judicial notice or contest the authenticity of the documents therein. (*See* Doc. No. 13-1.) Given the lack of opposition and the apparent reliability of the sources, the court will grant defendants' request for judicial notice.

**B.  Rescission of the Mortgage Under TILA**

Plaintiff seeks rescission of his mortgage loan under TILA, noting that he sent defendant BANA a notice to rescind the loan on November 20, 2015. (FAC at ¶ 25; Doc. No. 18-1 at 2.) Defendants have moved to dismiss, arguing that (1) plaintiff's rescission attempt was and is time barred and (2), even if it was not time barred, plaintiff did not properly rescind. (Doc. No. 10 at 14–16.) In opposition, plaintiff appears to argue that, because he is challenging the consummation of the loan, his rescission was timely. (Doc. No. 13 at 5.)

    1.    <u>Plaintiff Misunderstands the Rescission Process under TILA.</u>

Plaintiff contends that to effectuate a rescission under TILA the borrower must only provide valid notice and that rescission thereafter "happens by operation of law." (FAC at ¶ 82; *see also id.* at ¶ 81 n.1.) Plaintiff misunderstands the applicable law. While it is true that "rescission is effected when the borrower notifies the creditor of his intention to rescind," *Jesinoski v. Countrywide Home Loans, Inc.*, ___ U.S. ___, ___, 135 S. Ct. 790, 792 (2015), there are caveats to that rule. For example, the notice to rescind must be timely, *id.*, and as discussed below, plaintiff's 2015 notice to rescind the loan at issue was not timely. Moreover, even if timely, notifying the creditor of a borrower's intent does not automatically rescind the loan.

> Instead, . . . the security interest becomes void when the obligor exercises a right to rescind that is available in the particular case, either because the creditor acknowledges that the right of rescission is available, or because the appropriate decision maker has so determined. . . . Until such decision is made, the [borrowers] have only advanced a claim seeking rescission.

/////

5

*Yamamoto v. Bank of N.Y.*, 329 F.3d 1167, 1172 (9th Cir. 2003) (citation and internal quotation marks omitted). Plaintiff does not allege that any defendant acknowledged that the right of rescission was available to plaintiff. In fact, here, defendants are contesting the validity of plaintiff's notice of rescission. "In these circumstances, it cannot be that the security interest vanishes immediately upon the giving of notice. Otherwise, a borrower could get out from under a secured loan simply by *claiming* TILA violations, whether or not the lender had actually committed any." *Id.* Plaintiff is therefore incorrect as a matter of law in stating that his "rescission was effective automatically, as a matter of law, and voided the Note and Deed of Trust." (FAC at ¶ 81.)

    2. <u>Plaintiff's November 20, 2015 Rescission is Time Barred.</u>

Under TILA, borrowers have an unconditional right to rescind a credit transaction within three days, "after which they may rescind only if the lender failed to satisfy the Act's disclosure requirements." *Jesinoski*, 135 S. Ct. at 792; *see also* 15 U.S.C. § 1635. "But this conditional right to rescind does not last forever. Even if a lender *never* makes the required disclosures, the 'right of rescission shall expire three years after the date of consummation of the transaction or upon the sale of the property, whichever comes first.'" *Jesinoski*, 135 S. Ct. at 792 (quoting 15 U.S.C. § 1635(f)). The Supreme Court has noted that the time limitations set forth in the TILA are not a statute of limitations because the right to rescind "*shall expire* three years after the date of consummation of the transaction." *See* 15 U.S.C. § 1635(f) (emphasis added); *Beach v. Ocwen Fed. Bank*, 523 U.S. 410, 416–19 (1998). Rather, the right of rescission under the TILA is more correctly characterized as a statute of repose, which is not susceptible to equitable tolling. *See McOmie-Gray v. Bank of Am. Home Loans*, 667 F.3d 1325, 1329–30 (9th Cir. 2012) (concluding "§ 1635(f) is a statute of repose that represents an absolute three-year bar on rescission actions"), *abrogated on other grounds as recognized by Hoang v. Bank of Am., N.A.*, 910 F.3d 1096 (9th Cir. 2018); *Balam-Chuc v. Mukasey*, 547 F.3d 1044, 1048–49 (9th Cir. 2008) ("Statutes of repose are not subject to equitable tolling.") (quoting *Munoz v. Ashcroft*, 339 F.3d 950 (9th Cir. 2003)).

Here, the deed of trust and the FAC establish that the loan was executed on May 6, 2008. (Doc. No. 11-1 at 2; FAC at ¶ 13.) Assuming that plaintiff was not provided material disclosures,

6

plaintiff's conditional right to rescind the loan transaction expired three years later, on May 6, 2011. Plaintiff's notice of rescission was sent to defendant BANA on November 20, 2015—more than four and one-half years after the conditional right of rescission expired. Accordingly, plaintiff's 2015 rescission notice was and is time barred and plaintiff's claim to enforce that rescission notice must be dismissed.

Plaintiff's argument to the contrary fails. Plaintiff alleges that he "did not have sufficient notice of the true circumstances surrounding his mortgage loan until March 3, 2015, when he received and reviewed the loan audit." [2] (FAC at ¶ 76.) But plaintiff does not elaborate on what he means by "true circumstances," or how any such circumstances affect the preceding analysis. Assuming plaintiff is referring to arguments he makes elsewhere in the FAC—that the chain-of-title was "irretrievably broken," that the true creditor was not identified to plaintiff, or that the parties were misrepresented in the deed of trust (FAC at ¶¶ 17, 30, 79)—plaintiff provides no authority or analysis in support of the proposition that, even if true, these circumstances permit him to rescind the loan after the period of time authorized by TILA. Moreover, to the extent that plaintiff is arguing that he is entitled to equitable tolling for the period that he was unaware of the "true circumstances surrounding his mortgage loan," his argument fails because as noted the conditional right of rescission under TILA is a statute of repose, which "[is] not subject to equitable tolling." *Mukasey*, 547 F.3d at 1048.

The court therefore concludes that plaintiff's 2015 notice of rescission was time barred and plaintiff cannot plausibly allege that he is entitled to enforcement of that time-barred rescission attempt.

3. <u>If the Loan was Not Properly Consummated on May 6, 2008, then Plaintiff Can Not Assert a TILA Claim.</u>

As an alternative argument, plaintiff contends that the loan was not properly consummated on May 6, 2008 for various reasons, including that that the chain-of-title was "irretrievably

---

[2] The court notes that plaintiff's reliance on the loan audit (Doc. No. 8-1 at 3) undercuts his argument that the loan was never consummated, as the audit indicates that the loan was consummated on May 6, 2008 and was recorded on July 14, 2008 (*id.* at 11).

7

broken," that the true creditor was not identified to plaintiff, and that the parties were misrepresented in the deed of trust. (*See* FAC at ¶¶ 17, 30, 79.) According to plaintiff, if the loan was never consummated, then his 2015 rescission notice to BANA was timely. (*Id.* at ¶ 79.) This argument is illogical and self-defeating. Plaintiff's sole cause of action is for enforcement of rescission, but if the loan was never consummated as he contends, and therefore was invalid from the beginning, there would be nothing for the parties to rescind. *See Jesinoski*, 135 S. Ct. at 791 ("The Truth in Lending Act gives borrowers the right to rescind certain loans for up to three years *after the transaction is consummated*.") (emphasis added); Black's Law Dictionary (10th ed. 2014) (defining rescission as "[a] party's unilateral unmaking of a contract for a legally sufficient reason, such as the other party's material breach, or a judgment rescinding the contract."). Thus, even under plaintiff's alternative argument that the loan in question was never consummated, his claim seeking enforcement of the 2015 rescission notice fails.

        4. <u>Leave to Amend is Futile.</u>

The court is to "freely give" leave to amend "when justice so requires." Fed. R. Civ. P. 15(a)(2). "[L]eave to amend should be granted unless the district court 'determines that the pleading could not possibly be cured by the allegation of other facts.'" *United States ex rel. Lee v. SmithKline Beecham, Inc.*, 245 F.3d 1048, 1052 (9th Cir. 2001) (quoting *Lopez v. Smith*, 203 F.3d 1122 (9th Cir. 2000)). The Ninth Circuit has "repeatedly stressed that the court must remain guided by the underlying purpose of Rule 15 to facilitate decision on the merits, rather than on the pleadings or technicalities." *Nunes v. Ashcroft*, 375 F.3d 805, 808 (9th Cir. 2003) (internal quotations and changes omitted). In evaluating whether leave to amend should be given, the following factors should be considered: "bad faith, undue delay, prejudice to the opposing party, futility of the amendment, and whether the party has previously amended his pleadings." *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995). "Futility alone can justify the denial of a motion for leave to amend." *Nunes*, 375 F.3d at 808; *see also Lockheed Martin Corp. v. Network Sols., Inc.*, 194 F.3d 980, 986 (9th Cir. 1999) ("Where the legal basis for a cause of action is tenuous, futility supports the refusal to grant leave to amend.")

/////

Here, the court concludes it would be futile to grant plaintiff further leave to amend. Plaintiff's claim to enforce the November 20, 2015 rescission notice is precluded because the rescission attempt was time-barred. In addition, under plaintiff's alternative theory, the allegation that the loan was never consummated also precludes a cause of action for enforcement of rescission, as explained above. It is therefore clear that plaintiff cannot in good faith allege that he properly rescinded his loan. Moreover, at the hearing on the pending motion, plaintiff's counsel was unable to point to additional facts that could be alleged that would cure this fatal deficiency. *See Broudo v. Dura Pharm., Inc.*, 339 F.3d 933, 941 (9th Cir. 2003) (leave to amend should be granted where plaintiff offers to provide additional evidence "and such offer is made in good faith"), *rev'd on other grounds*, 544 U.S. 336 (2005).

## CONCLUSION

For these reasons:

1. Defendants' motion to dismiss (Doc. No. 10) is granted without leave to amend; and
2. The Clerk of the Court is ordered to close this case.

IT IS SO ORDERED.

Dated:  **February 8, 2019**

_____
UNITED STATES DISTRICT JUDGE